**George J. PERK, Jr., Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Respondent.**

**Nos. 99–4084, 99–4085.**

United States Court of Appeals, Second Circuit.

April 16, 2001.

 

George Perk, Green Village, NJ, pro se.

William S. Liebman, Ass't Gen. Counsel, CFTC, Washington, DC, for respondent.

Present KEARSE, CABRANES, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the Commodity Futures Trading Commission and was argued by petitioner *pro se* and by counsel for respondent.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the petition for review be and it hereby is denied.

Petitioner George J. Perk, Jr., seeks review of an order of the Commodity Futures Trading Commission ("Commission") affirming decisions of the National Futures Association ("NFA"), which found that Perk had violated NFA Compliance Rules by, *inter alia,* failing to uphold high standards of commercial honor and just and equitable trade, and barred him from acting as a principal of and from associating with any member of the NFA. Under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.,* "a federal court may set aside an agency's findings, conclusions or actions only if they are 'arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with the law,' or 'unsupported by substantial evidence.'" *Supreme Oil Co. v. Metropolitan Transportation Authority,* 157 F.3d 148, 151 (2d Cir.1998) (quoting 5 U.S.C. §§ 706(2)(A) and (E)), *cert. denied,* 528 U.S. 868, 120 S.Ct. 167, 145 L.Ed.2d 142 (1999). Having reviewed the record in the present matter, we conclude that the Commission's decision is supported by substantial evidence and is in accordance with the law, and we see no arbitrariness, capriciousness, or abuse of discretion.

Perk argues principally that the NFA hearing panel and appeals committee were biased against him and that the NFA failed to make timely disclosure to him of critical evidence. We reject these arguments. The facts on which Perk relies to show lack of impartiality do not indicate a personal bias such as would require panel members to recuse themselves; and we see no discovery error sufficient to warrant overturning the Commission's decision. Perk also contends that he received ineffective assistance of counsel. That claim, however, is cognizable only in criminal proceedings, not in regulatory proceedings before an administrative agency. *See generally United States v. Coven*, 662 F.2d 162, 176 (2d Cir .1981), *cert. denied*, 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 176 (1982).

We have considered all of Perk's contentions on this petition for review and have found in them no basis for relief. The petition for review is denied.